United States District Court
for the
Southern District of Florida

| Designs for Health, Inc., Plaintiff, | ) |
|---|---|
| | ) |
| v. | ) |
| | ) Civil Action No. 17-23898-Civ-Scola |
| | ) |
| Fruitful Longevity, Inc., and others, | ) |
| Defendant. | ) |

**Consent Final Judgment for Permanent Injunction**

This cause came before the Court upon consideration of the settlement between the parties and certain of the named defendants Joint Motion for Entry of Consent Final Judgment for Permanent Injunction.

It is **ordered**, **adjudged**, and **decreed** as follows:

1. The "Trademarks-in-Suit" which are defined as the following registered marks registered through the United States Patent & Trademark Office ("USPTO"):

| **Mark** | **Registration No.** | **Issuance Date** | **International Class/Description** | **15 U.S.C. §1065 Status** |
|---|---|---|---|---|
| **DESIGNS FOR HEALTH** | 1,699,973 | July 7, 1992 | Class 42: weight loss and nutrition counseling services. | Incontestable |
| **DESIGNS FOR HEALTH** | 3,666,757 | August 11, 2009 | Class 5: Dietary supplements for human consumption. | Incontestable |
| (logo) | 4,190,466 | August 14, 2012 | Class 5: Dietary supplements for human consumption. | Combined Sections 8 and 15 Affidavit Forthcoming |

are valid and enforceable under both the Lanham Act and the common law of the State of Florida.

2. "DFH Trade Dress," which is defined as the following product packaging used in commerce by DFH with nutraceutical, nutritional and dietary supplements and natural healthy products:



and includes a unique non-functional sleek bottle shape, the use of three horizontal colored bands (having similar shades of the same color) around the circumference of the bottle, wherein the middle band reads "*DIETARY SUPPLEMENT FOR PROFESSIONAL USE ONLY*" while the bottom band reads "*Vegetarian Capsules*" with the appropriate number of units/capsules bottled – is non-functional, valid and enforceable under both the Lanham Act and the common law of the State of Florida.

3. Both the Trademarks-in-Suit as well as the DFH Trade Dress are strong and distinctive.

4. Defendant Fruitful Longevity, Inc. d/b/a Health Powerhouse ("Health Powerhouse"), between 2015 through 2017, sold the following amounts of dietary supplements bearing the Trademarks-in-Suit and the DFH Trade Dress:

| Year | Sales |
|---|---|
| 2015 | $28,494.59 |
| 2016 | $2,134.19 |
| 2017 | $91,735.27 |
| Total: | $122,364.05 |

5. The Court further finds that DFH has exclusive rights in and to the Trademarks-in-Suit and the DFH Trade Dress, including the exclusive right to market, advertise, sell, and offer for sale its nutraceutical, nutritional and dietary supplements and natural healthy products ("DFH Products") bearing the Trademarks-in-Suit and/or the DFH Trade Dress.

6. The Defendants Health Powerhouse, YEP TOTAL NUTRITION, INC. ("Total Nutrition"), ERICA L. PAQUETTE ("Paquette") YERANDY "ANDY" E. PALENZUELA ("Palenzuela"), ALEKSEJS LEAL ("Leal"), PABLO FUENTES ("Fuentes"), PILAR PEREIRA ("Pereira"), MARYSEL GOIRIZ ("Goiriz"), TOTAL PRO WELLNESS, INC. ("TP Wellness"), and WAY OF LIFE, LLC ("Way of Life") (collectively "Primary Defendants") (as well as their owners, employees, directors, managers, independent contractors, consultants, agents, representatives, professionals, QHP's,[1] partners, affiliates, successors-in-interest, and assigns as well as all persons in active concert or participation therewith Defendants) without admitting liability or any specific allegation or claim, are **PERMANENTLY ENJOINED, RESTRAINED**, and **RESTRICTED** from marketing, advertising, promoting, displaying, exhibiting, selling and/or offering for sale any and all dietary supplements, health products and/or any related items or accessories which include, contain, show, display and/or (either directly or indirectly) the Trademarks-in-Suit (or any colorable imitation thereof) or the DFH Trade Dress (or any colorable imitation thereof), including any of the following activities in the United States and throughout the world:

(a) purchasing, sourcing and/or acquiring any form of DFH Products (namely dietary supplement, health product and/or related products) including but not limited from any QHPs (as defined herein) (directly or indirectly) including the twelve individual Defendants identified in the Amended Complaint (ECF No. 56) ("QHP Defendants") which includes the Trademarks-in-Suit (or any colorable imitation thereof) or the DFH Trade Dress (or any colorable imitation thereof);

(b) warehousing and/or distributing any form of any form of dietary supplement, health product and/or related products which includes the Trademarks-in-Suit (or any colorable imitation thereof) or the DFH Trade Dress

---

[1] Plaintiff alleges that Fruitful Longevity, Inc. d/b/a Health Powerhouse purchased DFH Products from the following qualified health care practitioners (the "QHPs") and then sold DFH Products via Amazon.com under the name "Health Powerhouse": (i) Marysel Goirizz; (ii) Jesus Rodriguez De La Torre; (iii) Elsa Rivero; (iv) Oliver Anam; (v) Josephine Egbebike; (vi) Ify Egbebike; (vii) Amos Okegbola; (viii) Miles Reid and/or Zach Glosserman; (ix) Olutola Sobande; (x) Irina Ramos Arrocha; (xi) Adesoji Adewumi; and (xii) Ayman Daaboul.

(or any colorable imitation thereof);

(c) maintaining any form of product packaging, marketing materials, promotional items and/or related forms of materials used in the sale of any form of dietary supplement, health product and/or related products which include Trademarks-in-Suit (or any colorable imitation thereof) or the DFH Trade Dress;

(d) exhibiting, displaying and/or promoting any form of dietary supplement, health product and/or related product that includes the Trademarks-in-Suit (or any colorable imitation thereof) or the DFH Trade Dress (or any colorable imitation thereof) via any form of website, web page and/or social media (including but not limited to any third-party e-commerce sites such as E-Bay and/or Amazon.com, amongst others);

(e) marketing, advertising, promoting, selling, and offering for sale for any form of any form of dietary supplement, health product and/or related product that includes the Trademarks-in-Suit (or any colorable imitation thereof) or the DFH Trade Dress; and

(f) receiving payment and/or monetizing in any way (either directly or indirectly) in any form of dietary supplement, health product and/or related product that includes the Trademarks-in-Suit (or any colorable imitation thereof) or the DFH Trade Dress (or any colorable imitation thereof).

7. On February 14, 2018, this Court entered a **Stipulated Consent Preliminary Injunction** (ECF No. 50) (the "SCPI"). The foregoing **Consent Permanent Injunction** shall replace the SCPI previously entered on February 14, 2018 (ECF No. 50).

8. Pursuant to Fed. R. Civ. P. 65(d)(2)(C), and because DFH alleged that the QHPs (defined above) contracted to purchase DFH Products (which were then allegedly sold to resellers Health Powerhouse and/or TP Wellness), the terms and conditions for permanent injunction in the preceding paragraph six (6) shall also apply to the twelve QHP Defendants (as pled in the Amended Complaint (ECF No. 56)) who were allegedly "in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Pursuant to Fed. R. Civ. P. 65(d)(2), within ten (10) days of entry of this Consent Permanent Injunction, Plaintiff shall serve a copy of this Consent Permanent Injunction on the QHPs.

9. DFH has no adequate remedy at law for Defendants' acts complained of herein, or for the acts of any third parties who have acted in concert with and at the direction of said Defendants, as injury to DFH's reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

10. This Consent Final Judgment shall be deemed to have been served upon the Primary Defendants at the time of its execution by the Court.

11. The Court finds there is no just reason for delay in entering this **Consent Permanent Injunction** and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Permanent Injunction.

12. This case shall be **dismissed with prejudice** with each party bearing their own attorneys' fees and costs. The Clerk of Court shall **close** this case.

13. The Court shall maintain jurisdiction with regard to any enforcement proceedings regarding the Consent Final Judgment for Permanent Injunction, modification of the Consent Final Judgment for Permanent Injunction, or any other proceedings arising under the Consent Final Judgment for Permanent Injunction, which will be construed under the laws of the State of Florida.

**Done and ordered** at Miami, Florida, on June 8, 2018.

_____
Robert N. Scola, Jr.
United States District Judge